PAUL L. REIN, Esq. (SBN 43053)
JULIE MCLEAN, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
(510) 832-5001

Attorney for Plaintiff:
GUY JONES

MARK G. INTRIERI, Esq. (SBN 116627)
DANIEL M. O'CONNELL, Esq. (SBN 197332)
J. SPENCER EDGETT, Esq. (SBN 219221)
CHAPMAN & INTRIERI, L.L.P.
2236 Mariner Square Drive
Third Floor, Suite 300
Alameda, CA 94501-1090
(510) 864-3600

Attorney for Defendants
PASTA PELICAN, INC., HADI NATOUF,
MARINER SQUARE AND ASSOCIATES

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GUY JONES,

    Plaintiff,

v.

PASTA PELICAN, INC.; HADI NATOUF; MARINER SQUARE AND ASSOCIATES; and DOES 1-25, Inclusive,

    Defendants.

_____/

CASE NO. C05-04245 WHA
Civil Rights

**STIPULATED SETTLEMENT AGREEMENT AND** ~~PROPOSED~~ **ORDER**

## SETTLEMENT AGREEMENT AND ORDER

1. Plaintiff GUY JONES filed a Complaint in this action on October 19, 2005, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants, PASTA PELICAN, INC.; HADI NATOUF; MARINER SQUARE AND ASSOCIATES; and DOES 1-25, Inclusive.

**Stipulated Settlement Agreement and Order: Case No. C05-04245 WHA** — 1 —

1. Plaintiff has alleged that Defendants PASTA PELICAN, INC.; HADI NATOUF; MARINER SQUARE AND ASSOCIATES violated Title III of the ADA and sections 51, 52, 54.1, and 55 of the California Civil Code, and sections 19955 et seq., of the California Health and Safety Code by failing to provide full and equal access to their facilities at the Pasta Pelican Restaurant located at 2455 Mariner Square Drive, Alameda, California, when plaintiff visited the subject facility on September 4, 2005.

2. Defendants PASTA PELICAN, INC.; HADI NATOUF; MARINER SQUARE AND ASSOCIATES ("Defendants") deny the allegations in the Complaint and by entering into this Settlement Agreement and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. The parties hereby enter into this Settlement Agreement and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

**JURISDICTION:**

3. The parties to this Settlement Agreement agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. and pursuant to supplemental jurisdiction for violations of California Health & Safety Code §19955 et seq., including §19959; Title 24 California Code of Regulations; and California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Settlement Agreement agree to entry of this Order to resolve all claims raised in the Complaint filed with this Court on October 19, 2005. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning plaintiff's claims.

WHEREFORE, the parties to this Settlement Agreement hereby agree and stipulate to the Court's entry of this Settlement Agreement and Order, which provides as follows:

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Stipulated Settlement Agreement and
Order: Case No. C05-04245 WHA    − 2 −

## SETTLEMENT OF INJUNCTIVE RELIEF:

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendant for injunctive relief that have arisen out of the subject Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Settlement Agreement and Order should not be construed as such.

6. The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Settlement Agreement and Order:

a) <u>Remedial Measures</u>: The injunctive relief agreed upon by the Parties is attached as **Attachment A** to this Settlement Agreement, which is incorporated herein by reference as if fully set forth in this document. Defendants agree to undertake all remedial work set forth in **Attachment A**. Where the attachment identifies more than one way of providing access, defendants may, at defendants' sole discretion, choose which recommendation to implement.

b) <u>Timing of Injunctive Relief</u>: As to all work except the lift to the second floor, defendants will submit plans for all corrective work to the appropriate authorities within 30 days of entry of this Settlement Agreement and order by the court, will commence work within 60 days of receiving approval from all relevant building authorities, and will complete work within 60 days of commencement. With respect to the lift to the second floor, defendants will submit plans for all corrective work to the appropriate authorities within 30 days of entry of this Settlement Agreement and order by the court, will commence work within 6 months of receiving approval from all relevant building authorities, and will complete work within 60 days of commencement. In the event that unforeseen difficulties prevent defendants from completing any of the agreed-upon injunctive relief, defendants or defendants' counsel will notify plaintiff's counsel in writing within 30 days of discovering the delay. Plaintiff agrees to engage in a good-faith "meet and confer" with defendants before taking any action to enforce

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Stipulated Settlement Agreement and Order: Case No. C05-04245 WHA** — 3 —

the Settlement Agreement, and will provide 30 days' notice before filing any motion to compel enforcement of the decree. Defendants shall not be deemed to be in violation of this agreement if defendants engage in good faith efforts to satisfy the time requirements set forth in paragraph 6(b), and if the Court determines that defendants had good cause for any delays. Defendants or their counsel will notify plaintiff's counsel when the corrective work is completed, and in any case will provide a status report no later than 120 days from the entry of this Settlement Agreement, and every 120 days thereafter.

## DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:

7. The parties have reached an agreement regarding plaintiff's claims for damages, attorney fees, litigation expenses and costs. Defendants shall pay to plaintiff the sum of $50,000 in full satisfaction of all claims for monetary compensation, including plaintiff's alleged damages (emotional distress, physical personal injury, civil rights violations, and any other form of damages) as well as attorney's fees, litigation expenses and costs of suit. Payments shall be made according to the following schedule:

- $15,000 due on August 1, 2006
- $6,000 due on September 1, 2006
- $6,000 due on October 1, 2006
- $6,000 due on November 1, 2006
- $6,000 due on December 1, 2006
- $6,000 due on January 1, 2007
- $5,000 due on February 1, 2007

Each payment shall be made by check payable to "Paul L. Rein in Trust for Guy Jones." In the event that any payment is more than ten days late, the entire balance still outstanding shall become due and payable immediately.

## ENTIRE SETTLEMENT AGREEMENT ORDER:

8. This Settlement Agreement and Order and Attachment A to this Settlement

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Stipulated Settlement Agreement and
Order: Case No. C05-04245 WHA    — 4 —

Agreement, which is incorporated herein by reference as if fully set forth in this document, constitutes the entire agreement between the signing parties, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Settlement Agreement and Order, shall be enforceable regarding the matters described herein.

**SETTLEMENT AGREEMENT AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9. This Settlemment Agreement and Order shall be binding on Plaintiff GUY JONES, Defendant PASTA PELICAN, INC.; HADI NATOUF; MARINER SQUARE AND ASSOCIATES; and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Settlement Agreement and Order during the period of the Court's jurisdiction of this Settlement Agreement.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

10. Each of the parties to this Settlement Agreement understands and agrees that there is a risk and possibility that, subsequent to the execution of this Settlement Agreement, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Settlement Agreement is signed. Except for all obligations required in this Settlement Agreement, the parties intend that this Settlement Agreement apply to all such further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Settlement Agreement. Therefore, except for all obligations required in this Settlement Agreement, this Settlement Agreement shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Settlement Agreement with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Stipulated Settlement Agreement and
Order: Case No. C05-04245 WHA — 5 —

CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

11. Except for all obligations required in this Settlement Agreement, each of the parties to this Settlement Agreement, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit.

## TERM OF THE SETTLEMENT AGREEMENT AND ORDER:

12. This Settlement Agreement and Order shall be in full force and effect for a period of twenty-four (24) months after the date of entry of this Settlement Agreement and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twenty-four (24) months after the date of this Settlement Agreement, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

## SEVERABILITY:

13. If any term of this Settlement Agreement and Order is determined by any court to be unenforceable, the other terms of this Settlement Agreement and Order shall nonetheless remain in full force and effect.

## SIGNATORIES BIND PARTIES:

14. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Settlement Agreement and Order. This Settlement Agreement and Order may

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Stipulated Settlement Agreement and
Order: Case No. C05-04245 WHA — 6 —

1  be signed in counterparts and a facsimile signature shall have the same force and effect as an
2  original signature.
3
4  Dated: July __, 2006
5
6  Dated: July 19, 2006
7                                              Plaintiff GUY JONES
8
9  Dated: July 14, 2006
                                                Defendant PASTA PELICAN, INC.
10
11 Dated: July 20, 2006
                                                Defendant HADI NATOUF
12
13
14                                              Defendant MARINER SQUARE AND
                                                ASSOCIATES
15 APPROVED AS TO FORM:
16 Dated: July 20, 2006
17                                              PAUL L. REIN
                                                JULIE MCLEAN
18                                              LAW OFFICES OF PAUL L. REIN
19
20                                              Attorneys for Plaintiff
                                                GUY JONES
21
22 Dated: July 19, 2006
                                                MARK G. INTRIERI
23                                              DANIEL M. O'CONNELL
                                                J. SPENCER EDGETT
24                                              CHAPMAN & INTRIERI, L.L.P.
25
26                                              Attorneys for Defendants
                                                PASTA PELICAN, INC., HADI NATOUF,
                                                MARINER SQUARE AND ASSOCIATES
27 ///
28 ///

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Stipulated Settlement Agreement and Order: Case No. C05-04245 WHA** — 7 —

be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: July __, 2006

Dated: July __, 2006                          _____
                                              Plaintiff GUY JONES

Dated: July __, 2006                          _____
                                              Defendant PASTA PELICAN, INC.

Dated: July 19, 2006                          _____
                                              Defendant HADI NATOUF

                                              _____
                                              Defendant MARINER SQUARE AND
                                              ASSOCIATES

APPROVED AS TO FORM:

Dated: July __, 2006

                                              PAUL L. REIN
                                              JULIE MCLEAN
                                              LAW OFFICES OF PAUL L. REIN

                                              _____
                                              Attorneys for Plaintiff
                                              GUY JONES

Dated: July __, 2006
                                              MARK G. INTRIERI
                                              DANIEL M. O'CONNELL
                                              J. SPENCER EDGETT
                                              CHAPMAN & INTRIERI, L.L.P.

                                              _____
                                              Attorneys for Defendants
                                              PASTA PELICAN, INC., HADI NATOUF,
                                              MARINER SQUARE AND ASSOCIATES

///

///

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Stipulated Settlement Agreement and
Order: Case No. C05-04245 WHA           — 7 —

be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: July 17, 2006

_____
Plaintiff GUY JONES

Dated: July ___, 2006

_____
Defendant PASTA PELICAN, INC.

Dated: July ___, 2006

_____
Defendant HADI NATOUF

_____
Defendant MARINER SQUARE AND ASSOCIATES

APPROVED AS TO FORM:

Dated: July ___, 2006

PAUL L. REIN
JULIE MCLEAN
LAW OFFICES OF PAUL L. REIN

Attorneys for Plaintiff
GUY JONES

Dated: July ___, 2006

MARK G. INTRIERI
DANIEL M. O'CONNELL
J. SPENCER EDGETT
CHAPMAN & INTRIERI, L.L.P.

Attorneys for Defendants
PASTA PELICAN, INC., HADI NATOUF,
MARINER SQUARE AND ASSOCIATES

///
///

LAW OFFICES OF
PAUL L. REIN
265 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Stipulated Settlement Agreement and
Order: Case No. C05-04245 WHA

— 7 —

## ORDER

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

Dated: July 21, 2006

_____
HON. WILLIAM H. ALSUP
U.S. DISTRICT JUDGE

*[Seal: United States District Court, Northern District of California — IT IS SO ORDERED, Judge William Alsup]*

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Stipulated Settlement Agreement and Order: Case No. C05-04245 WHA     8

**Attachment A to Settlement Agreement and Order**
**Guy Jones v. Pasta Pelican, Inc., et al.**
**CASE NO. C05-4245 WHA MED**
**Page 1 of 1**

The following injunctive relief is agreed upon between the parties as resolution to plaintiff's claims for injunctive relief as set forth in the Complaint filed on October 19, 2005. All corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to. Defendants agree to install and maintain the following accessible features:

1. Parking: Currently, 3 "accessible" spaces are provided, but none of these are designated as van accessible, and proper signage is not provided. Code-compliant signage will be installed, and one of the accessible spaces will be configured and designated "van accessible."

2. Entrance: Defendants will create a new, accessible entrance, to the left of the current primary entry door (as one faces the building from the outside). This new entry door would bypass the raised area and thus would be a primary entrance which is accessible. The door will remain unlocked during hours of operation. The door will have a doorbell which will automatically sound when the door is opened, to alert restaurant staff that a patron has entered through that door. Directional signage will be installed at the primary entrance directing patrons to the accessible entrance.

3. Restrooms: Defendants will create a new unisex single-user accessible restroom on the ground floor.

4. Access to Second Floor: Defendants will provide vertical access to the second floor, by means of a platform lift. Defendants will also correct access deficiencies on the stairway itself, including improper handrails, improper stair tread nosings, and lack of color contrast striping.

5. Upstairs Bar: Defendants will provide a lowered portion of the upstairs bar for wheelchair users, and will remove a protruding shelf which constitutes an overhanging hazard.