IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GUY JONES,

    Plaintiff,

  v.

PASTA PELICAN, INC., HADI NATOUF, MARINER SQUARE AND ASSOCIATES, and DOES 1–25, Inclusive,

    Defendants.

No. C 05-04245 WHA

**ORDER RE DISPUTE OVER DEFENDANTS' COMPLIANCE WITH SETTLEMENT AGREEMENT**

    As part of the settlement of this action in 2006, defendants agreed to perform remedial work on the Pasta Pelican restaurant to make it accessible to patrons in wheelchairs (Dkt. No. 23-1). On October 13, 2009, an order denied plaintiff's motion for a finding of contempt of court and sanctions against defendants for their failure to meet the time-table for renovations to to remove barriers to access established in the settlement agreement. The order (Dkt. No. 33) noted that defendants averred that all renovations were scheduled to be completed by the end of November and stated that plaintiff could renew his motion in the future if the remaining renovations were not finished in a timely manner.

    In December 2009, defendants filed a status report stating that all renovations were completed except for the installation of an accessible restroom on the ground floor and a platform lift to the second floor cocktail lounge and dining facilities. Defendants stated in a sworn declaration that the bathroom was scheduled for final inspections by the City of Alameda

1  on December 16, 2009, and would be ready for use upon passing inspection. They also stated
2  under oath that installation of the elevator was delayed by the departure of the sales
3  representative working on the installation but was then scheduled to be completed by February
4  5, 2010 (D'Souza Dec. Decl. 1–2). Plaintiff renewed his request for a finding of contempt and
5  sanctions based on defendants' continued delay in completing the renovations. Ruling on the
6  motion was deferred, and the parties were ordered to file a joint status report by February 11,
7  2010, addressing whether the renovations were completed and any good cause if they were not.

8  On February 11, defendants filed a sworn declaration that all renovations have been
9  completed except for the installation of the elevator (D'Souza Feb. Decl. at 1–2). Defendants
10 stated that shipment of the elevator was delayed by the elevator company for unknown reasons,
11 but was scheduled to be installed on February 15, 2010.

12 Plaintiff again renewed his motion for a finding of contempt and sanctions, supported by
13 plaintiff's counsel's sworn declaration that he visited the restaurant on the evening of February
14 5, 2010, and found that the disabled entrance was locked and had no doorbell and that there was
15 "no evidence" of any disabled accessible restroom in the restaurant (Rein Decl. at 1–2).
16 Defendants filed a supplemental sworn declaration that there was an accessible entrance and
17 restroom that were unlocked and accessible during business hours (D'Souza Decl. at 1–2).

18 Defendants have pleaded sufficient cause for the delay in the installation of the elevator
19 until February 15, 2010, and plaintiff's motion for a finding of contempt and sanctions on that
20 basis is **DENIED**. However, the parties have submitted conflicting sworn declarations regarding
21 whether defendants' restaurant is otherwise in compliance. Savio D'Souza and Paul Rein —
22 who submitted the conflicting declarations — are ordered to attend the hearing scheduled for
23 February 18, 2010, at 8:00 a.m., and be prepared to address under oath the issue of defendants'

2

compliance with the settlement agreement and in particular whether defendants have installed an accessible entrance and bathroom to the specifications described in the settlement agreement.

**IT IS SO ORDERED.**

Dated: February 16, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3