IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GUY JONES,

    Plaintiff,

v.

PASTA PELICAN, INC., HADI NATOUF, MARINER SQUARE AND ASSOCIATES, and DOES 1-25, Inclusive,

    Defendants.

No. C 05-04245 WHA

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

## INTRODUCTION

Before the Court is plaintiff's motion for an award of attorney's fees, litigation expenses, and costs for obtaining compliance with the July 2006 settlement agreement and court order regarding access by disabled persons to the Pasta Pelican restaurant. For the reasons stated below, plaintiff's motion is **GRANTED**.

## STATEMENT

Plaintiff brought a lawsuit in October 2005 alleging that the Pasta Pelican restaurant was in violation of federal and California laws requiring that facilities be accessible to physically-disabled persons who use wheelchairs. Under the terms of the stipulated settlement agreement and order of July 21, 2006, defendants did not admit any liability, but agreed to pay $50,000 to plaintiff in satisfaction of plaintiff's alleged damages, attorney's fees, litigation

1  expenses, and costs of suit. Defendants also agreed to perform remedial work on the
2  Pasta Pelican restaurant to make it accessible to patrons in wheelchairs (Dkt. No. 18).

3  The settlement agreement required defendants to submit plans to the relevant building
4  authorities for all corrective work within thirty days of the July 21 order. Except as to the lift
5  to the second floor, they agreed to commence work within 60 days of receiving approval from
6  all relevant building authorities and to complete work within sixty days of commencement.
7  With respect to the lift to the second floor, defendants agreed to commence work within
8  six months of receiving approval from all relevant building authorities and to complete work
9  within sixty days of commencement. In the event that unforeseen difficulties prevented
10 defendants from completing any of the remedial work within the agreed-upon time-frame,
11 defendants agreed to notify plaintiff's counsel within 30 days of discovering the delay (Dkt.
12 No. 18).

13 Plaintiff agreed to engage in a good-faith "meet and confer" with defendants before
14 taking any action to enforce the settlement agreement, and to provide thirty days' notice before
15 filing any motion to compel enforcement. Under the terms of the agreement, defendants
16 would not be deemed to be in violation if they had engaged in good-faith efforts to satisfy the
17 agreed-upon time requirements and if the Court determined that they had good cause for any
18 delays (Dkt. No. 18).

19 Attorney Paul Rein declares that he first discovered the non-compliance on April 3, 2009
20 (Rein Decl. ¶ 7). On April 6, he first wrote to defense counsel regarding defendants' lack of
21 compliance. Defendants assert that they installed the accessible parking space and signage
22 shortly after the July 2006 order was entered, and that a new accessible entrance was installed
23 in 2007. They also declare that after receiving Attorney Rein's letter, they took steps to
24 complete the rest of the renovations. Defendants aver that all remedial work except for the
25 installation of the platform lift and accessible bathroom was completed by June 2009.

26 On October 13, 2009, an order denied plaintiff's motion for a finding of contempt of
27 court and sanctions against defendants for their failure to meet the timetable for renovations.
28 On December 15, plaintiff renewed his request for a finding of contempt and sanctions based on

defendants' continued delay in completing the renovations. Ruling on the motion was deferred and the parties were ordered to file a joint status report. On February 11, 2010, plaintiff again renewed his motion for a finding of contempt and sanctions. An order issued denying plaintiff's motion and finding that defendants had pleaded sufficient cause for the delay in the installation of the elevator. At the February 18 hearing, the parties agreed that defendants were substantially in compliance with the requirement of the settlement.

Plaintiff now moves for attorney's fees and litigation costs with regard to enforcing defendants' compliance in the amount of $24,436. This total includes 55.4 hours at a rate of $435/hour and $337 in expert consultation fees. Defendants argue that the majority of plaintiff's fees were unnecessary in obtaining compliance and should not be recovered. Additionally, defendants assert that plaintiff failed to engage in a good-faith "meet and confer" as required by the terms of the settlement agreement. Plaintiff fails to offer any statement or evidence to show compliance with the meet and confer requirement.

Although this order declines to award the requested total of $24,436, plaintiff's motion for fees is **GRANTED**.

## ANALYSIS

Plaintiff requests attorney's fees pursuant to Section 505 of the Americans with Disabilities Act of 1990 and California Code of Civil Procedure Section 1021.5. According to Section 505:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, *in its discretion*, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. 12205 (emphasis added). California law similarly states that a court "*may* award attorneys' fees to a successful party." Cal. Civ. Proc. Code § 1021.5 (emphasis added). A district court, therefore, has the discretion to award reasonable attorney's fees to a prevailing party. Plaintiff's status as a prevailing party is undisputed. The only remaining issue before the Court, therefore, is the reasonableness of the request for fees.

3

1    Plaintiff argues that he is entitled fees under the "private attorney general doctrine."
2 This doctrine is codified in California Civil Code Section 1021.5, which provides:

> Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any.

Three basic criteria are required to support an award of attorney's fees under Section 1021.5: "(1) the action resulted in the enforcement of an important right affecting the public interest; (2) a significant benefit was conferred on the general public or a large class of persons; and (3) the necessity and financial burden of private enforcement were such as to make the award appropriate." *Abouab v. City and County of San Francisco*, 141 Cal. App. 4th 643, 663 (2006) (internal citation omitted). Defendants do not disagree that the first two elements have been met. The remaining issue concerns the third element of necessity of Attorney Rein's enforcement actions.

Defendants argue that the majority of Attorney Rein's fees were unnecessary, and therefore should not be recoverable. Defendants assert that the April 6 letter from Attorney Rein provoked the completion of the remaining renovations and that any further action by plaintiff was unnecessary. Considering the extreme delay by defendants in complying with the court-ordered renovations and the failure to adhere to the notice requirements set out in the settlement agreement, the undersigned is unwilling to limit the recovery for fees to the time spent drafting the initial letter.

Beyond the April 6 letter, it was necessary for plaintiff's counsel to continue his efforts in monitoring defendants' efforts to finish the renovations. After the Court was made aware of defendants' non-compliance and severe delay in the court-ordered renovations, for example, the parties were ordered to file multiple joint status reports and attend several hearings. It is therefore reasonable that Attorney Rein be compensated for his preparation of the status reports, his April 6 letter, and time spent preparing for the hearings. While the undersigned agrees that

4

plaintiff's three separate requests for contempt may not have been necessary in prompting defendants to comply, the time spent in their preparation will not go entirely uncompensated.

In making a determination of appropriate fees, the undersigned recognizes that plaintiff's counsel did not discover defendants' non-compliance for almost three years. The Court is disappointed that plaintiff would be granted his requested injunctive relief, yet Attorney Rein failed to take any steps to monitor defendants' progress and failed to comply with the "meet and confer" requirement of the settlement agreement. Although Attorney Rein requests $24,436, this order finds that he is entitled to $15,000 in attorney's fees, litigation expenses and costs for obtaining compliance by defendants.

## CONCLUSION

For the above-stated reasons, plaintiff's motion for attorney's fees, litigation expenses and costs is **GRANTED**. Defendants are ordered to pay plaintiff the sum of $15,000.

**IT IS SO ORDERED.**

Dated: April 13, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5